Jacob Brooks, WSBA No. 48720
Bricklin & Newman, LLP
1424 Fourth Avenue, Suite 500
Seattle, WA 98101
Telephone: (206) 264-8600
E-mail: brooks@bnd-law.com
Attorneys for Spokane Riverkeeper

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPOKANE RIVERKEEPER, | |
| Plaintiff, | NO. |
| v. | |
| DARIGOLD, INC., | COMPLAINT |
| Defendant. | |

## I. INTRODUCTION

1. This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365. Plaintiff, Spokane Riverkeeper ("Riverkeeper"), seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witness fees, for defendant Darigold d/b/a Inland Northwest Dairies ("Defendant" or "Darigold") repeated and ongoing violations of Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, and the terms and conditions of the National Pollutant

COMPLAINT - 1

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

Discharge Elimination System ("NPDES") permit authorizing discharges of pollutants from Defendant's facility to navigable waters.

## II.  JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). The relief requested herein is authorized by 33 U.S.C. §§ 1319(d) and 1365(a).

3. In accordance with Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Riverkeeper notified Defendant of Defendant's violations of the CWA and of Riverkeeper's intent to sue under the CWA by letter dated and postmarked September 11, 2018 ("Notice Letter"). A copy of the Notice Letter is attached to this complaint as Exhibit 1. The allegations in the Notice Letter are incorporated herein by this reference. In accordance with 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(1), Riverkeeper provided copies of the Notice Letter to Defendant's Registered Agent, the Administrator of the United States Environmental Protection Agency ("USEPA"), the Administrator of USEPA Region 10, and the Director of the Washington Department of Ecology ("WDOE") by mailing copies to these individuals on September 11, 2018.

4. At the time of the filing of this Complaint, more than sixty (60) days have passed since the Notice Letter and copies thereof were issued in the manner described in the preceding paragraph.

COMPLAINT - 2

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

5. The violations complained of in the Notice Letter are continuing or are reasonably likely to re-occur. Defendant is in violation of its NPDES permit and the CWA.

6. At the time of the filing of this Complaint, neither the USEPA nor the WDOE has commenced any action constituting diligent prosecution to redress these violations.

7. The source of the violations complained of is located in Spokane County, Washington, within the Eastern District of Washington, and venue is therefore appropriate in the Eastern District of Washington under Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1).

### III.    PARTIES

8. Plaintiff, Spokane Riverkeeper, is suing on behalf of itself and its member(s). Riverkeeper is a non-profit corporation organized under the laws of the State of Washington. Riverkeeper is a membership organization and has at least one member who is injured by Defendant's violations. Riverkeeper is dedicated to protecting and preserving the environment of Washington State, specifically the Spokane River and its tributaries.

9. Plaintiff has representational standing to bring this action. Spokane Riverkeeper's members are reasonably concerned about the effects of discharges of pollutants, including stormwater from Defendant's facility, on aquatic species and

COMPLAINT - 3

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

wildlife that Plaintiff's members observe, study, and enjoy. Riverkeeper's members are further concerned about the effects of discharges from Defendant's facility on human health. In addition, discharges from Defendant's facility lessen Riverkeeper's members' aesthetic enjoyment of nearby areas. Riverkeeper has members who live, work, fish, and recreate around the Spokane River and are affected by Defendant's discharges. Riverkeeper's members' concerns about the effects of Defendant's discharges are aggravated by Defendant's failure to record and timely report information about its discharges and pollution controls. The recreational, scientific, economic, aesthetic and/or health interest of Spokane Riverkeeper and its members have been, are being, and will be adversely affected by Defendant's violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

10. Riverkeeper has organizational standing to bring this action. Riverkeeper has been actively engaged in a variety of educational and advocacy efforts to improve water quality and to address sources of water quality degradation in the waters of eastern Washington, including the Spokane River and its tributaries. Darigold has failed to fulfill monitoring, recordkeeping, reporting and planning requirements, among others, necessary for compliance with its NPDES permit and the CWA. As a result, Riverkeeper is deprived of information necessary to properly serve its members by providing information and taking appropriate action to advance its mission. Riverkeeper's efforts to educate and advocate for greater environmental

COMPLAINT - 4

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

protection, and to ensure the success of environmental restoration projects implemented for the benefit of its members are also precluded. Finally, Riverkeeper and the public are deprived of information that influences members of the public to become members of Riverkeeper, thereby reducing Riverkeeper's membership numbers. Thus, Riverkeeper's organizational interests have been adversely affected by Darigold's violations. These injuries are fairly traceable to Darigold's violations and are redressable by the Court.

11. Darigold is a corporation authorized to conduct business under the laws of the State of Washington.

12. Darigold owns and operates a large dairy processing facility located at or about 35 East Francis Ave., Spokane, WA 99203, and contiguous and/or adjacent properties (the "facility").

IV. LEGAL BACKGROUND

13. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. Section 301(a) prohibits, inter alia, such discharges not authorized by, or in violation of, the terms of a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

14. The State of Washington has established a federally approved state NPDES program administered by the WDOE. Wash. Rev. Code § 90.48.260; Wash.

COMPLAINT - 5

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax. (206) 264-9300

Admin. Code ch. 173-220. This program was approved by the Administrator of the USEPA pursuant to 33 U.S.C. § 1342(b).

15.    The WDOE has repeatedly issued the Industrial Stormwater General Permit ("Permit") under Section 402(a) of the CWA, 33 U.S.C. § 1342(a), most recently on October 21, 2009, effective January 1, 2010, modified May 16, 2012 (the "2010 Permit"), and on December 3, 2014, effective January 2, 2015 (the "2015 Permit"). The 2010 Permit and the 2015 Permit (collectively, "the Permits") contain substantially similar requirements and authorize those that obtain coverage thereunder to discharge stormwater associated with industrial activity, a pollutant under the CWA, and other pollutants contained in the stormwater to the waters of the State subject to certain terms and conditions.

16.    The Permits impose certain terms and conditions on those covered thereby, including monitoring and sampling of discharges, reporting and recordkeeping requirements, as well as restrictions on the quality of stormwater discharges. To reduce and eliminate pollutant concentrations in stormwater discharges, the Permits require, among other things, that permittees develop and implement best management practices ("BMPs") and a Stormwater Pollution Prevention Plan ("SWPPP"), and apply all known and reasonable methods of prevention, control, and treatment ("AKART") to discharges. The specific terms and conditions of the Permits are described in detail in the Notice Letter. *See* Exhibit 1.

COMPLAINT - 6

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

## V. FACTS

17. Darigold filed applications with the WDOE for coverage under the Permits. WDOE granted Darigold coverage under the 2010 permit, effective January 1, 2010, under Permit Number WAR-301800. WDOE granted Darigold coverage under the 2015 Permit under the same permit number.

18. Darigold's facility discharges stormwater associated with industrial activity to the Spokane River.

19. Darigold's facility is engaged in industrial action and is approximately 7 acres, which are primarily paved. The facility has at least one known outfall that discharges to a storm water conveyance system that discharges to the Spokane River.

20. Darigold has violated the Permits and Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, by discharging pollutants not in compliance with an NPDES Permit. Darigold's violations of the Permits and the CWA are set forth in sections I through V of the Notice Letter attached hereto as Exhibit 1 and are incorporated herein by this reference. In particular and among the other violations described in the Notice Letter, Darigold has violated the Permits by failing to implement AKART, failing to implement BMPs to control stormwater quality, failing to timely complete adaptive management responses required by the Permits, failing to timely submit complete and accurate reports, and permitting illicit discharges to occur.

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

21. Darigold has discharged stormwater containing levels of pollutants that exceed the benchmark values established by the Permits from its outfall, including on the days on which Darigold collected samples with the results identified in Table 1 below:

| Date or period of sample | Pollutant | Permit Benchmark | Sample concentration (or average) exceeding benchmark |
|---|---|---|---|
| 2014 2nd Quarter | Turbidity | < 25 ug/L | 33 ug/L |
| 2014 4th Quarter | Turbidity | < 25 ug/L | 489 ug/L |
| 2014 4th Quarter | Zinc | < 117 ug/L | 237 ug/L |
| 2014 4th Quarter | Phosphorous | < 2 mg/L | 5600 mg/L |
| 2015 1st Quarter | Turbidity | < 25 ug/L | 126 ug/L |
| 2015 4th Quarter | Turbidity | < 25 ug/L | 60.5 ug/L |
| 2016 1st Quarter | Turbidity | < 25 ug/L | 31.8 ug/L |
| 2016 2nd Quarter | Turbidity | < 25 ug/L | 44.9 ug/L |
| 2017 2nd Quarter | Nitrate + Nitrite | < .68 ug/L | 1.047 ug/L |
| 2017 2nd Quarter | Oil & Grease | Yes/No | Yes |
| June 15, 2017 | Zinc | < 117 ug/L | 225 ug/L |
| 2017 3rd Quarter | Turbidity | < 25 ug/L | 33.1 ug/L |
| 2017 3rd Quarter | Zinc | < 117 ug/L | 259 ug/L |
| 2017 4th Quarter | Total BOD5 | < 30 ug/L | 145.15 ug/L |
| 2017 4th Quarter | Turbidity | < 25 ug/L | 37.1 ug/L |
| 2018 1st Quarter | Zinc | < 117 ug/L | 461 ug/L |
| 2018 1st Quarter | Copper | < 32 ug/L | 51.4 ug/L |
| 2018 1st Quarter | Turbidity | < 25 ug/L | 744 ug/L |
| 2018 2nd Quarter | Oil & Grease | Yes/No | Yes |
| 2018 2nd Quarter | Total BOD5 | < 30 ug/L | 75.6 ug/L |
| 2018 2nd Quarter | Turbidity | < 25 ug/L | 32.5 ug/L |

22. Darigold's exceedances of the benchmark values indicate that Darigold is failing to apply AKART to its discharges and/or is failing to implement an adequate SWPPP and BMPs. Upon information and belief, Darigold violated the Permits by not developing, modifying, and/or implementing BMPs and a SWPPP in accordance

COMPLAINT - 8

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

with the requirements of the Permits, and/or by not applying AKART to discharges from the facility. These requirements and Darigold's violations thereof are described in detail in section III of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

23. Darigold has not conducted and/or completed the corrective action responses as required by the Permits. These requirements of the Permits and Darigold's violations thereof are described in section III of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

24. Condition S8.B of the Permits require a permittee to undertake a Level 1 corrective action whenever it exceeds a benchmark value identified in Condition S5. A Level 1 corrective action comprises review of the SWPPP to ensure permit compliance, revisions to the SWPPP to include additional operational source control BMPs with the goal of achieving the applicable benchmark values in future discharges, signature and certification of the revised SWPPP, summary of the Level 1 corrective action in the annual report, and full implementation of the revised SWPPP as soon as possible, but no later than the DMR due date for the quarter the benchmark was exceeded. Condition S8.A of the 2015 Permit requires that the permittee implement any Level 1 corrective action required by the 2010 Permit.

25. Darigold triggered Level 1 corrective action requirements for each benchmark exceedance identified in Table 1 above. Darigold has violated the

COMPLAINT - 9

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

requirements of the Permits described above by failing to conduct a Level 1 corrective action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required implementation of additional BMPs, and the required summarization in the annual report, each time since April 1, 2014, that its quarterly stormwater sampling results were greater than a benchmark, including the benchmark excursions listed in Table 1 above. These corrective action requirements and Darigold's violations thereof are described in section III.A.2 of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

26. Condition S8.C of the Permits require a permittee to undertake a Level 2 corrective action whenever it exceeds a benchmark value identified in Condition S5 during any two quarters during a calendar year. A Level 2 corrective action comprises review of the SWPPP to ensure permit compliance, revisions to the SWPPP to include additional structural source control BMPs with the goal of achieving the applicable benchmark values in future discharges, signature and certification of the revised SWPPP, summary of the Level 2 corrective action in the annual report, and full implementation of the revised SWPPP as soon as possible, but no later than August 31st of the year following the triggering of the Level 2 corrective action. Condition S8.A of the 2015 Permit requires that the permittee implement any Level 2 corrective action required by the 2010 Permit.

COMPLAINT - 10

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

27.     Darigold triggered Level 2 corrective action requirements for each benchmark exceedance identified in Table 1 above that occurred in any two quarters of a calendar year. Darigold has violated the requirements of the Permits described above by failing to conduct a Level 2 corrective action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required implementation of additional structural source control BMPs, and the required summarization in the annual report, each time since November 3, 2011, that its quarterly stormwater sampling results were greater than a benchmark, for any two quarters during a calendar year, including the benchmark excursions listed in Table 1 above. These violations include, but are not limited to, Darigold's failure to fulfill these obligations for turbidity triggered by its stormwater sampling during calendar years 2014, 2015, 2017, and 2018; and for zinc triggered by its stormwater sampling during calendar years 2017. These corrective action requirements and Darigold's violations thereof are described in section III.A.3 of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

28.     Condition S8.D of the Permits require a permittee to undertake a Level 3 corrective action whenever it exceeds a benchmark value identified in Condition S5 during any three quarters during a calendar year or when a permittee decides to skip a Level 2 corrective action and implement a Level 3 corrective action. A Level 3 corrective action comprises review of the SWPPP to ensure permit compliance,

COMMPLAINT - 11

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

revisions to the SWPPP to include additional treatment BMPs and operational and/or structural source control BMPs if necessary, with the goal of achieving the applicable benchmark values in future discharges, signature and certification of the revised SWPPP, summary of the Level 3 corrective action in the annual report, and full implementation of the revised SWPPP as soon as possible, but no later than September 30th of the year following the triggering of the Level 3 corrective action. Condition S8.D also requires that before implementation of any BMPs that require site-specific design or sizing of structures, equipment, or processes, that the permittee submit an engineering report, plans, and specifications, and an operations and maintenance manual to WDOE for review, which must be submitted no later than May 15th prior to the Level 3 corrective action deadline. Condition S8.A of the 2015 Permit requires that the permittee implement any Level 3 corrective action required by the 2010 Permit.

29.    Darigold triggered Level 3 corrective action requirements for zinc, as detailed in its 2017 annual report.  Darigold has violated the requirements of the Permits described above by failing to conduct a Level 3 corrective action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required implementation of additional BMPs, the required submission of an engineering report and operations and maintenance manual, and the required summarization in the annual report.  These corrective action

COMPLAINT - 12

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax. (206) 264-9300

requirements and Darigold's violations thereof are described in section III.A.4 of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

30. Condition S9.B of the Permits requires Darigold to submit an accurate and complete annual report to WDOE no later than May 15th of each year that includes specific information. Darigold has violated these requirements. Darigold violated this condition by failing to include all of the required information in the annual reports it submitted for years 2014, 2015, 2016, and 2017. These annual report requirements and Darigold's violations thereof are described in section III of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

31. Condition S3.A of the Permits requires Darigold to develop and implement a SWPPP as specified. Darigold has violated these requirements by failing to maintain, develop, and implement a SWPPP in keeping with the requirements of the Permits, as detailed in section III.B of the Notice Letter, attached hereto as Exhibit 1.

32. A significant penalty should be imposed against Darigold under the penalty factors set forth in 33 U.S.C. § 1319(d).

33. Darigold's violations were avoidable had Darigold been diligent in overseeing facility operations and maintenance.

COMPLAINT - 13

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

34. Darigold benefited economically as a consequence of its violations and failure to implement improvements at the facility.

## VI. CAUSE OF ACTION

35. The preceding paragraphs and the allegations in sections I through V of the Notice Letter, attached hereto as Exhibit 1, are incorporated herein.

36. Darigold's violations of its NPDES permits described herein and in the Notice Letter constitute violations of Sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342, and violations of "effluent standard(s) or limitation(s)" as defined by Section 505 of the CWA, 33 U.S.C. § 1365.

37. Upon information and belief, the violations committed by Darigold are ongoing or are reasonably likely to continue to occur. Any and all additional violations of the Permits and the CWA which occur after those described in Riverkeeper's Notice Letter but before a final decision in this action should be considered continuing violations subject to this Complaint.

38. Without the imposition of appropriate civil penalties and the issuance of an injunction, Darigold is likely to continue to violate the Permits and the CWA to the further injury of Riverkeeper, its members, and others.

39. A copy of this Complaint will be served upon the Attorney General of the United States and the Administrator of the USEPA as required by 33 U.S.C. § 1365(c)(3).

COMPLAINT - 14

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax. (206) 264-9300

## VII. RELIEF REQUESTED

Wherefore, Spokane Riverkeeper respectfully requests that this Court grant the following relief:

A. Issue a declaratory judgment that Darigold has violated and continues to be in violation of the Permits and Sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342;

B. Enjoin Darigold from operating the facility in a manner that results in further violations of the Permits or the CWA;

C. Order Darigold to immediately implement a SWPPP that is in compliance with the Permits;

D. Order Darigold to allow Riverkeeper to participate in the development and implementation of Darigold's SWPPP;

E. Order Darigold to provide Riverkeeper, for a period beginning on the date of the Court's Order and running for two years after Darigold achieves compliance with all of the conditions of the Permits, with copies of all reports and other documents which Darigold submits to the USEPA or to the WDOE regarding Darigold's coverage under the Permit at the time those documents are submitted to these agencies;

F. Order Darigold to take specific actions to remediate the environmental harm caused by its violations;

COMPLAINT - 15

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

G. Grant such other preliminary and/or permanent injunctive relief as Riverkeeper may from time to time request during the pendency of this case;

H. Order Darigold to pay civil penalties of $37,500.00 per day of violation for each violation committed by Darigold through November 2, 2015 and to pay $53,484 per day of violation for each violation committed by Darigold after November 2, 2015 pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19 and 19.4;

I. Award Riverkeeper its litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d); and

J. Award such other relief as this Court deems appropriate.

Dated this 15th day of November, 2018.

Respectfully submitted,

BRICKLIN & NEWMAN, LLP

By: *s/Jacob Brooks*
Jacob Brooks, WSBA No. 48720
1424 Fourth Avenue, Suite 500
Seattle, WA 98101
Telephone: (206) 264-8600
E-mail: brooks@bnd-law.com
Attorneys for Spokane Riverkeeper

COMPLAINT - 16

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300